UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FAIR OAKS FOUNTAINS, LLC, et al., | NO. CIV. 2:12-cv-2075 WBS DAD |
| Plaintiffs, | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| v. | |
| LIBERTY SURPLUS INSURANCE CORPORATION, et al., | |
| Defendants. | |

----oo0oo----

Plaintiffs Fair Oaks Fountains, LLC ("Fair Oaks"), and FPI Management, Inc. ("FPI"), filed suit in state court against defendants Liberty Surplus Insurance Corporation ("LSIC") and Liberty Mutual Group Inc. ("Liberty Mutual") asserting claims arising from the alleged breach of a commercial general liability policy issued to Fair Oaks's contractor, Gala Construction Inc.

1

("Gala").[1]  Defendants then removed the case to this court on the basis of diversity jurisdiction.  (Docket No. 1.)  Liberty Mutual moves to dismiss the claims against it pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).  (Docket No. 10.)  Plaintiffs have filed a statement of non-opposition.  (Docket No. 15.)

Plaintiffs allege that Gala contracted with Fair Oaks to provide construction services to Fair Oaks for its apartment complex located in Fair Oaks, California.  (Notice of Removal Ex. 15 ("Compl.") ¶ 6 (Docket No. 1-20).)  They claim that pursuant to their agreement, Gala was obligated to obtain liability insurance for Fair Oaks and FPI, as well as to indemnify and defend them, for its operations for and/or with the parties.  (Id. ¶ 8.)  Gala allegedly complied by obtaining an insurance policy (the "Policy") from defendants, which named Fair Oaks as an additional insured.  (Id. ¶ 7.)  Plaintiffs allege that defendants refuse to honor their contractual obligation to defend and indemnify plaintiffs in a lawsuit filed against them by a tenant in state court arising from an incident that occurred during the time Gala was still performing work for plaintiffs.  (Id. ¶¶ 7, 12, 13.)  Plaintiffs bring claims for breach of contract and breach of the implied covenant of good faith and fair dealing and request declaratory judgment against LSIC and Liberty Mutual.

Liberty Mutual seeks dismissal of the claims against it

---

[1] Plaintiffs erroneously named Liberty Mutual Group Inc. as Liberty Mutual Group.  Also, because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

with prejudice on the grounds that it is not subject to the personal jurisdiction of this court and that plaintiffs have failed to state a claim against it.  Plaintiffs treat Liberty Mutual and LSIC as a single entity in the Complaint, referring to them collectively as "Liberty."  (Id. ¶ 3.)  However, they allege no facts suggesting that LSIC and Liberty Mutual should be treated as such, given that only LSIC is named as the insurer on the Policy attached to the Complaint and only LSIC is a signatory to it.  (Id. at Ex. C.)

Plaintiffs allege no facts suggesting that Liberty Mutual issued or underwrote the Policy, is a party to it, or administers benefits to it.  They allege no facts showing that they have contractual privity with Liberty Mutual such that if plaintiffs prove an entitlement to coverage under the Policy, they could assert breach of contract claims against Liberty Mutual.  See Precision Safety Innovations, Inc. v. Branson Ultrasonic Corp., Civ. No. 04-6981, 2005 U.S. Dist. LEXIS 45704, at *20 (C.D. Cal. July 24, 2005) (holding that where parties did not enter into contract and there is no privity of contract between them, breach of contract claim fails as a matter of law).  Finally, plaintiffs allege no facts suggesting that Liberty Mutual is not a separate entity unrelated to the Policy at issue or any other theory suggesting that it should be held liable for a Policy on which only LSIC is a signatory.

LSIC is the sole entity listed as the insurer on the Policy and, by filing a statement of non-opposition to Liberty Mutual's motion, plaintiffs appear to agree that only LSIC may be held liable under the Policy.

3

IT IS THEREFORE ORDERED that Liberty Mutual's motion to dismiss with prejudice plaintiffs' claims against Liberty Mutual be, and the same hereby is, GRANTED.  The January 14, 2013 motion hearing date is vacated.

DATED:  January 7, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE